## GULF & S. I. R. R. Co. v. DIXON.

[70 South. 898.]

CARRIERS. *Carriage of passengers. Special trains.*

> While a railroad company had for several years allowed passengers to board its excursion trains to the state fair at a flag station, it may change its rules and refuse to receive passengers on such special trains, except at its agency stations where tickets could be procured, and a plaintiff cannot complain that he was refused passage on such special train at a flag station, though the train had stopped when flagged at such a station.

Suit by M. W. Dixon against the Gulf & Ship Island
APPEAL from the circuit court of Smith county.

HON. W. H. HUGHES, Judge.

Railroad Company. From a judgment for plaintiff, de-
fendant appealed.

The facts are fully stated in the opinion of the court.

*T. J. Wills,* for appellant.

The question presented to this court for determination
is whether or not appellant railroad company had a right
to run its excursion train from Laurel to Saratoga
on October 25, 1912, stopping only at agency stations for
passengers provided with excursion tickets, to Jackson
and return, issued for that particular train.

It is a well settled rule of law that in running of regu-
lar trains on regular schedule by a railroad company,
that the company has the power and authority under the
law, unless otherwise provided by statute, to determine
for itself what trains shall stop at designated stations or
places, and what trains may be run scheduled to stop only
at certain particular stations on its line, in other words, a
railroad company may enforce a rule of stopping certain
trains at all stations for the receiving and discharging
of passengers, and then may run other trains which do
not stop at all stations without incurring any liability
whatsoever for the failure to stop at intermediate sta-
tions between the stations, which the train is scheduled
to stop. *Wells* v. *Ala. & Great So. R. R. Co.,* 67 Miss. 24;
*Nobel* v. *Atchison T. & S. F. R. R. Co.,* 46 Pac. 483; *Louis-
ville & Nashville R. R. Co.* v. *Miles,* 37 So. 486; *Tex & Pac.
R. R. Co.* v. *Bell,* 87 S. W. 730.

Appellant railroad company, as is shown by the record,
in this case, had its regular passenger train run on the
regular schedule each day, which would stop at this flag
station, of Bunker Hill, and receive and discharge pas-
sengers upon receiving the proper signal so to do. Appel-
lee could have procured passage upon the regular train

at this flag station as was usual and customary for pas-
sengers to do, upon giving the proper signal. The excur-
sion train had no schedule upon which it was run other
than that evidenced by the circular sent out advertising
the running of said excursion to carry intending visitors
to the State Fair at Jackson. This excursion circular
listed the agency stations on the said Railroad line be-
tween Laurel and Saratoga, but no reference whatever
was made to the non-agency stations and flag stations.
Appellee could not rely upon the schedule for the regular
train as the basis of his right to take passage on the ex-
cursion train at the flag station of Bunker Hill. He had
no ticket entitling him to passage on the excursion train,
and appellant owed him no contractual obligation to stop
its train and receive him as passenger, and the excursion
train not having a regular train schedule to stop at Bun-
ker Hill crossing, the flag station, there was no legal obli-
gation upon appellant to stop its train and receive appel-
lant as a passenger on the said train. Appellant railroad
company owing appellee no contractual obligation to stop
its said train and receive him at the flag station, and
there being no legal duty imposed upon it to stop its train
at said flag station for appellee, it was under no obligation
whatsoever, either by contract or law, to have its said
train stop and receive appellee, and therefore its failure
to so stop would not impose upon it any liability whatso-
ever, and appellee was not entitled to recover.

*Nobles & Cantwell* and *G. G. Lyell*, for appellee.

We call the attention of the court to the case of *Wilson*
v. *Railroad Company*, 63 Miss. 352, where our court held
that where Wilson held an excursion ticket good only on
trains scheduled to stop at his station, and he flagged a
train not scheduled to stop at his station; that the com-
pany was not liable under the ticket contract for not
stopping, but that Wilson had rights outside his contract,
as a member of the general public and the company was

liable for not stopping on his flagging the train in question. The court said:

"The contract did not preclude appellant from paying the fare or traveling on the train like any other citizen. It is shown the train in question would and should have stopped at Barnett if it had been signaled for that purpose." And the railroad company was held to be liable for ignoring the flag of plaintiff under such circumstances.

In 2 Hutchinson on Carriers, section 1110, we read: "So where passenger trains are in the habit of stopping at a flag station whenever proper signals are given, a railroad company is bound to stop a passenger train on a proper signal." See authorities supporting the text. See also *Williams* v. *Carolina etc. R. R. Co.*, 144 N. C. 498, 12 A. & E. Annotated Cases, 1000 and note; *I. C. R. R. Co.* v. *Siddons*, 53 Ill. App. 607; *Southern Ry. Co.* v. *Wallis*, 133 Ga. 553, 12 A. & E. Anno. Cases, 67.

These cases and a multitude of others hold that: "A railroad company is bound to stop its trains in response to proper signals at a flag station at which it is the habit of stopping trains of the kind so signaled."

The proof in this case is so overwhelming and undisputed as to the custom of stopping the State Fair Excursion trains at flag-stops that the appellant is clearly estopped to abrogate such a custom and course of dealing for years without some sort of notice to the public.

The custom cannot be abrogated in the face of twenty people who have flagged the train. Furthermore the train actually stopped and one passenger had gotten on the train step.

We respectfully submit that it is clear that the judgment of the court below should be affirmed.

Potter, J., delivered the opinion of the court.

M. W. Dixon, the appellee here, was plaintiff in the trial court, and the Gulf & Ship Island Railroad Company, appellant, was defended. From a judgment for two hun-

dred dollars in favor of Dixon, the railroad company appeals.

The facts in this case, stated most favorably to the appellee, are as follows: On the 25th day of October, 1912, appellee flagged one of appellant's trains at a flag stop called Bunker Hill. This train was an excursion or special train, and was carrying passengers at a reduced fare from points on appellant's railroad to Jackson and return. The occasion for the running of this excursion train was the state fair at Jackson. It is shown in the testimony that for several years prior to this time the defendant railroad company had run like excursions through the station in question to the state fair in the fall, and that the plaintiff in this case had boarded these special trains at Bunker Hill and visited the state fair, and that on all previous occasions similar to the one in question the excursion trains stopped in response to signals and had taken on passengers at Bunker Hill. On this occasion circulars had been distributed similar to the ones sent out during previous years. The excursion train stopped for Mr. Dixon on his signal, but the conductor refused to admit him as a passenger because he had an order from the trainmaster to stop only at agency stations to take on passengers. Bunker Hill is not an agency station and tickets cannot be purchased there. The defendant railroad company ran one regular passenger train each way daily; the train going east in the morning and returning in the afternoon.

We are of opinion that the above state of facts do not constitute a cause of action. The defendant railroad company clearly had the right to run this special train or excursion on the occasion of the state fair and take on passengers at agency stations only.

*Reversed and dismissed.*